# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50411 | DATE | 7/14/2003 |
| CASE TITLE | Stoecker vs. Voss | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' motion to strike

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to strike is denied. Plaintiffs are given until July 18, 2003, to file a second-amended complaint, which shall allege the states of citizenship of the parties. Failure to file such an amended complaint shall result in the case being dismissed for want of subject matter jurisdiction without further notice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 14 2003 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL 14 PM 3:31 | 7-14-03 date mailed notice | |
| /LC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | ow mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

(Reserved for use by the Court)

Plaintiffs, Brent and Kathy Stoecker, have filed a three-count amended complaint against defendant, Jeffrey Voss. The Stoeckers allege Voss is liable under Illinois' Domestic Animals Running at Large Act, 510 ILCS 55/1 ("Act"), because Brent, who was riding on his Harley Davidson motorcycle at the time, collided with a cow, allegedly owned by Voss, that had escaped from its pasture and had wondered onto the road Brent was traveling on. Jurisdiction is premised on diversity of citizenship between the parties,[1] with the amount in controversy alleged to exceed $75,000. See 28 U.S.C. § 1332. Venue is proper as the events giving rise to the claims occurred in this district and division. See id. § 1391(a). Before the court is the Stoeckers' motion to strike Voss' first amended affirmative defense, filed pursuant to Federal Rule of Civil Procedure 12(f).

Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991), cert. denied, 504 U.S. 957 (1992); Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). In this context, affirmative defenses are tested under a standard identical to that applied to motions to dismiss under Rule 12(b)(6): they will not be stricken if they are sufficient as a matter of law or present questions of law or fact. See Heller, 883 F.2d at 1294; Sayad v. Dura Pharm., Inc., 200 F.R.D. 419, 421 (N.D. Ill. 2001).

In his first amended affirmative defense, Voss alleges, in part, he is not liable under the Act because he "acted reasonably in attempting to recapture" the cattle that had escaped from confinement after he learned they had done so. The Stoeckers, however, argue Voss' admission that he knew the cattle had escaped necessarily scotches any defense he has under the Act. This is because, according to the language of the Act, an owner is not liable only if the livestock is running at large "without the knowledge" of the owner and the owner can "establish that he used reasonable care in restraining such animals" from running at large. 510 ILCS 55/1. Based on the just-quoted portions of the Act and the court's opinion in Corona v. Malm, 735 N.E.2d 138 (Ill. App. Ct. 2000), the Stoeckers argue an owner's lack of knowledge of his animals' escape is an essential element to the defense under the Act. See id. at 142 (holding that the language of the Act requires a defendant to "affirmatively plead and prove (1) that he or she exercised due care in restraining the livestock, and (2) that he or she lacked knowledge that it had escaped"). And because Voss specifically alleges in his affirmative defense he learned of his cattles' escape, the Stoeckers conclude the statutory defense is not available to him.

The court disagrees and believes instead that Voss' first affirmative defense actually contains two independent and alternate theories, both of which are not only compatible, but recognized as valid under the case law. In Paragraph 1 of his first affirmative defense, Voss alleges he "took reasonable precaution to prevent his animals from running at large and they escaped from their confinement *without his knowledge.*" (Am. Aff. Def., First Aff. Def. ¶ 1) (emphasis added) This language tracks and is obviously meant to invoke the language of the statutory defense quoted above, and which Corona explained in more detail while discussing who shoulders the burden of proof on such a defense. Id. at 140-42.

It is then in Paragraph 2 of his first affirmative defense where Voss alleges he acted reasonably in trying to recapture the animals after learning of their escape. And this type of defense has support in a few older cases from the Illinois Appellate Court. In both Foster v. Heitzman, 294 N.E.2d 705 (Ill. App. Ct. 1973), and Guay v. Neel, 91 N.E.2d 151 (Ill. App. Ct. 1950), the courts upheld jury verdicts in favor of the defendant-owners under the Act based on evidence that the defendant either had "acted reasonably after the notice that the cattle were loose," Foster, 294 N.E.2d at 707, or "immediately endeavored to locate [the horses]" upon "discovering [they] were loose . . . so that he could cause them to be returned to his farm," Guay, 91 N.E.2d at 154.

Although the court could not find any cases or other materials addressing the issue, it nevertheless believes these two lines of authority do not conflict with each other, at least as a purely legal matter. First, an owner is not liable under the Act if he can prove he used reasonable care to restrain his animals and did not know they were running at large. This is clear enough under the statute itself and a point the Stoeckers do not contest. Second, if an owner learns his animals have escaped, he can still avoid liability by acting reasonably to recapture them. This is the point of Foster and Guay. As a factual matter, it may well be true that an owner who claims he was making reasonable efforts to recapture his animals after learning they were running at large cannot turn around and claim he lacked knowledge they were doing so to seek refuge under the first type of defense. But that depends on the evidence, which obviously is not a matter for a motion to strike. For present purposes, all that counts is that Voss has sufficiently pled an affirmative defense (really two variations of an affirmative defense) that the case law recognizes as valid under the Act.

For the reasons stated above, the Stoeckers' motion to strike is denied.

---

[1] The Stoeckers' jurisdictional allegations on this point, however, are defective because they allege only the states of *residency*, as opposed to the states of *citizenship*, of the parties. See 28 U.S.C. § 1332(a); Macken v. Jensen, No. 02-4345, – F.3d –, 2003 WL 21453868, at *1 (7th Cir. June 24, 2003). The Stoeckers are therefore given until July 25, 2003, to file a second-amended complaint, which shall allege the states of citizenship of the parties. Failure to file such an amended complaint will result in the case being dismissed for want of subject matter jurisdiction without further notice.